## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-DETROIT

**IN RE:**

                      **Case No. 14-40839**

**Tresa Viers,**                **Judge: Shapero**

                      **Chapter: 13**

        **Debtor.**

_____/

## MOTION TO APPROVE SALE OF REAL ESTATE

The Debtor, Tresa Viers, through counsel UAW Legal Services Plan, brings this

Motion to Approve the Sale of Real Estate. In support of her Motion, Debtor states as

follows:

1.     Debtor owns real estate located at 8401 18 Mile Road, Bldg #2, Unit 257, Sterling

Heights, MI 48313 and bearing the legal description;

> Unit 257, Building B-4, Andover Heights Condominium, according to the Master
> Deed as recorded in Liber 1852, pages 23 to 121, inclusive, Macomb County
> Records, and as amended by Amendment to Master Deed recorded in Liber 2453,
> Pages 827 to 839, inclusive, Macomb County Records, and as designated as
> Macomb County Condominium Subdivision Plan No. 1, together with rights in
> general common elements and limited common elements, as set forth in the above
> Master Deed and as described in Act 59 of the Public Acts of 1978 as amended.

> Tax ID number 10-10-351-257

2.     Debtor received this property by Quit Claim deed from Marilyn Gage on June 28,

2010. At the time of the transfer, the property was encumbered by a mortgage in favor of

CCO Mortgage.

3.     This real estate was disclosed in Debtors schedules and Debtor claimed an

exemption for the property in the amount of $9,641.30.

4.    CCO Mortgage conducted a foreclosure sale on February 27, 2015, and the property was purchased by Trademark Properties of Michigan for $18,285.33.  (Attached Exhibit A- Sheriff's Deed)

5.    Debtor has entered into a purchase agreement, subject to approval by this Court, to sell the property for $35,000.00 before the redemption period expires.  (Attached Exhibit B)

6.    Debtor seeks approval from the Court to sell the property located at 8401 18 Mile Rd., Bldg #2, Unit 257, Sterling Heights, MI 48313 for $35,000.00, and to allow the title insurance company to deduct from the proceeds of the sale, closing costs, the amount necessary to redeem the property, and the outstanding association dues.

7.    Debtor proposes to remit any non-exempt portion of the proceeds to the Chapter 13 Trustee within 14 days.

8.    Debtor seeks to retain any amount from the proceeds that are exempt.

Wherefore, the Debtor requests that the Court enter an Order allowing her to sell the property located at 8401 18 Mile Rd., Bldg #2, Unit 257, Sterling Heights, MI 48313 for $35,000.00, to turn over any portion of the proceeds of the sale that are non-exempt to the Chapter 13 trustee, and to retain her $9,641.30 claimed exemption.

Dated:  April 23, 2015          /s/ Virginia W. Gourlay
                                Virginia W.Gourlay (P68787)
                                UAW Legal Services Plan
                                36177 Mound Rd.
                                Sterling Heights, MI 48310
                                586-446-4605
                                virginiago@uawlsp.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION-DETROIT

IN RE:

                                        **Case No. 14-40839**

**Tressa Viers,**                      **Judge: Shapero**

                                          **Chapter: 13**

        **Debtor.**

_____/

## NOTICE OF MOTION

Debtor's counsel has filed papers with the Court, **MOTION TO SELL REAL ESTATE**

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

        If you do not want the Court to grant the relief requested in the attached motion and proposed order, or if you want the Court to consider your views on the Motion, then within 15 days you or your attorney must:

        1)      File with the Court a written response or an answer, explaining your position at:

                      UNITED STATES BANKRUPTCY COURT
                      211 W. FORT STREET, SUITE 2100
                      DETROIT, MI 48226

        If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

        You must also mail a copy to:

        UAW-Chrysler Legal Services Plan, Virginia Gourlay, 36177 Mound Rd., Sterling Heights, MI 48310, and

        Tammy L. Terry, Chapter 13 Trustee
        Buhl Building
        535 Griswold, Ste. 2100
        Detroit, MI 48226.

2)      If a response or answer is timely filed and served, the clerk will schedule a hearing on the motion and you will be served with a notice of the date, time and location of the hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated: April 23, 2015          /s/ Virginia W. Gourlay_____
                                   UAW- Legal Services Plan
                                   By: Virginia W. Gourlay (P68787)
                                   Attorney for Debtor
                                   36177 Mound Rd.
                                   Sterling Heights, Michigan 48073
                                   (586) 446-4605
                                   virginiago@uawlsp.com

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION-DETROIT

**IN RE:**

                                       **Case No. 14-40839**

**Tressa Viers,**                     **Judge: Shapero**

                                        **Chapter: 13**

        **Debtor.**

_____/

### PROPOSED ORDER ALLOWING DEBTOR TO SELL REAL ESTATE

This matter having been brought before the Court on Debtor's Motion to Sell Real

Estate, no parties having objected and the Court having been fully advised:

**IT IS ORDERED** that for consideration of $35,000.00, the Debtor may sell property

located in the State of Michigan, County of Macomb, City of Sterling Heights, described

as:

> Unit 257, Building B-4, Andover Heights Condominium, according to the Master
> Deed as recorded in Liber 1852, pages 23 to 121, inclusive, Macomb County
> Records, and as amended by Amendment to Master Deed recorded in Liber 2453,
> Pages 827 to 839, inclusive, Macomb County Records, and as designated as
> Macomb County Condominium Subdivision Plan No. 1, together with rights in
> general common elements and limited common elements, as set forth in the above
> Master Deed and as described in Act 59 of the Public Acts of 1978 as amended.
>
> Commonly known as 8401 18 Mile Road, 257 CT.N.
> Tax ID number 10-10-351-257

**IT IS FURTHER ORDERED** that the title insurance company shall be allowed to

deduct closing costs, an amount sufficient to redeem the property, and all outstanding

condominium dues and assessments from the proceeds of the sale.

**IT IS FURTHER ORDERED** that the Debtor shall remit any proceeds that exceed her

claimed exemption, in the amount of $9,641.30, within 14 days of closing.

**IT IS FURTHER ORDERED** that the Debtor shall provide the Chapter 13 Trustee with

a copy of the settlement statement from the closing within 14 days of closing.

RECD MACOMB CO *15 MAR 5 PM 12:38

5025227    Page 1 of 7
LIBER 23276   PAGE 964
03/05/2015  12:53:46 PM
Macomb County, MI                    SEAL
Carmella Sabaugh, Clerk/Register of Deeds
Receipt # 12934



STATE OF **MICHIGAN**    REAL ESTATE ★
TRANSFER TAX ★

MACOMB
03/05/2015          $20.35 CO
5025227            5.00 ST
001171725

447768F01 Gage - FC J

## SHERIFF'S DEED ON MORTGAGE SALE

This Indenture Made this 27th day of February, A.D. 2015, between, **Tina M. Fragnoli**, a Deputy Sheriff in and for Macomb County, Michigan, whose address is 43565 Elizabeth St Mount Clemens, Michigan 48043-1034, party of the first part, *Trademark Properties of Michigan, LLC 28525 Beck Rd, Suite 101 Wixom, MI 48393* ------------------------------; party of the second part (hereinafter called the grantee).

WITNESSETH, That Whereas a certain mortgage made by Marilyn J. Gage, A Single Person, original mortgagor(s), to Citizens Bank, N.A. f/k/a RBS Citizens N.A., successor by merger and/or name change to First Federal of Michigan, The Michigan Operating name of Charter One Bank, FSB, Mortgagee, dated July 24, 1998, and recorded on September 26, 1998 in Liber 8299 on Page 473, in Macomb county records, Michigan and

WHEREAS, the party foreclosing the mortgage has represented that it is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage, and

WHEREAS, said mortgage contained a power of sale which has become operative by reason of a default in the condition of said mortgage, and

WHEREAS, no suit or proceedings at law or in equity have been instituted to recover the debt secured by said mortgage or any part thereof, and

WHEREAS, by virtue of said power of sale, and pursuant to the statute of the State of Michigan in such case made and provided, a notice was duly published and a copy thereof was duly posted in a conspicuous place upon the premises described in said mortgage, that the said premises, or some part of them, would be sold at 10:00 AM on the 27th day of February, A.D. 2015, at public vendue, that being the place of holding the Circuit Court for Macomb County where the premises are situated and

WHEREAS, pursuant to said notice I did, at on the day last aforesaid, expose for sale at public vendue the said lands and tenements hereinafter described, and on such sale did strike off and sell the said lands and tenements to the grantee for the sum of Eighteen Thousand Two Hundred Eighty-, Five 35/100 Dollars ($18,285,535), that being the highest bid therefore and the grantee being the highest bidder, and

WHEREAS, said lands and tenements are situated in the City of Sterling Heights, Macomb County, Michigan, more particularly described in exhibit A, attached and commonly known as:
8401 18 Mile Rd
Property Tax Parcel ID 10-10-351-257
This property may be located within the vicinity of farmland or a farm operation. Generally, accepted agricultural and management practices, which may generate noise, dust, odors, and other associated conditions, may be used and are protected by the Michigan right to farm act.

Now, this Indenture Witnesseth, That I, the Deputy Sheriff aforesaid, by virtue of and pursuant to the statute in such case made and provided, and in consideration of the sum of money so paid as aforesaid, have granted, conveyed, bargained and sold, and by this deed do grant, convey, bargain and sell unto the grantee, its successors and assigns, forever, all the estate, right, title and interest, which the said Mortgagor(s) had in said land and tenements and every part thereof, on the 24th day of July A.D. 1998, that being the date of said mortgage, or at any time thereafter, to have and to hold the said lands and tenements and every part thereof to the said grantee, its successors and assigns forever, to their sole and only use, benefit and behoof forever, as fully and absolutely as I, the Deputy Sheriff aforesaid, under the authority aforesaid, might, could or ought to sell the same.

IN WITNESS WHEREOF, I have hereunto set my hand and seal, the date and year first above written.

**Tina M. Fragnoli**
Deputy Sheriff in and for the County of Macomb

STATE OF MICHIGAN
COUNTY OF MACOMB

On _2-27-15_ before me, a Notary Public in and for said County of Macomb came _Tina M. Fragnoli_, a Deputy Sheriff of said County, known to me to be the individual described in and who executed the above conveyance, and who acknowledged that she/he executed the same to be her/his free act and deed as such Deputy Sheriff.

B. Mell, Notary Public
State of Michigan, County of Macomb
My Commission Expires 4/22/2019
Acting in the County of _____

Notary Public, Macomb County, Michigan
My commission expires:
Acting in the county of Macomb

THIS INSTRUMENT IS EXEMPT FROM COUNTY TRANSFER TAX PURSUANT TO 12U.SC. 1452(e) and MCL 207.505(c).

THIS INSTRUMENT IS EXEMPT FROM STATE TRANSFER TAX PURSUANT TO 12U.SC. 1452(e); MCL 207.505(c); and MCL 207.526(v).

Freddie Mac (DC) #628145535

**EXHIBIT**
A

STATE OF MICHIGAN)
COUNTY OF OAKLAND) S.S.

On this 8th day of July , 2009 , before me, a Notary Public in and for said County, personally appeared Marilyn J. Gage, a single woman to me known to be the same person(s) described in and who executed the within instrument, who acknowledged the same to be her free act and deed.

Lance T. Judd

Notary Public, Oakland County
My commission expires: 4-16-2011

LANCE T. JUDD
Notary Public, State of Michigan
County of Oakland
My Commission Expires Apr. 16, 2011
Acting in the County of Oakland

Drafted by: John S. Davidson of the Law Offices of John Sinclair Davidson, P.C., 2701 Cambridge Court, Suite 400, Auburn Hills, MI 48326 (248) 377-2800

Return to: TRESA VIERS
8401 18 mile Rd #28C
Sterling Hghts, MI 48313
Tax Parcel # _____ Recording Fee _____ Transfer Tax _____

**TEAM J - Marilyn J. Gage**

Trott Law, P.C. Attorneys For Servicer 31440 Northwestern Hwy Ste 200 Farmington Hills, MI 48334-5422 THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. THE FORECLOSING PARTY ANTICIPATES BIDDING LESS THAN THE FORECLOSING PARTY'S OPINION OF THE MARKET VALUE. MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Marilyn J. Gage, A Single Person, original mortgagor (s), to Citizens Bank, N.A. f/k/a RBS Citizens N.A. successor by merger and/or name change to First Federal of Michigan, The Michigan Operating name of Charter One Bank, FSB, Mortgagee, dated July 24, 1998, and recorded on September 26, 1998 in Liber 6299 on Page 473, in Macomb county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Seventeen Thousand Four Hundred and 19/100 Dollars ($17,400.19). Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Macomb County, at 10:00 AM, on February 27, 2015. Said premises are situated in City of Sterling Heights, Macomb County, Michigan, and are described as: Unit 257, Building B, Andover Heights Condominium, according to the Master Deed as Recorded in Liber 1852, Pages 23 through 121, inclusive, Macomb County Records, and as amended by Amendment to Master Deed Recorded in Liber 2453, Pages 827 through 839, inclusive, Macomb county Records, and as designated as Macomb County Condominium Subdivision Plan No. 1, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public acts of 1978, as amended. The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale. If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Dated: January 27, 2015 For more information, please call: FC J (248) 593-1311 Trott Law, P.C. Attorneys For Servicer 31440 Northwestern Hwy Ste 200 Farmington Hills, Michigan 48334-5422 File #447768F01
(01-27)(02-17)

**EVIDENCE OF SALE**

(Affidavit of Posting)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

Mark Zobel being duly sworn, deposes that on the 28th day of January, 2015 A.D, he/she posted a notice, a true copy of which is annexed hereto, in a conspicuous place upon the premises described in said notice by attaching the same in a secure manner to 8401 18 Mile Rd, Sterling Heights, MI 48313.

Mark Zobel

Subscribed and sworn before me on the ___ day of _____ A.D.

Kevin Morris

Notary Public Oakland County, Michigan. My commission expires: May 1, 2017 . Acting in Oakland County, Michigan.

| CHECK IF | | | | |
|---|---|---|---|---|
| ☐ Vacant | | | | |
| ☑ Multi-Unit | ☐ Upper-Unit | ☐ Lower-Unit | | |
| ☑ Multi-Addr | ☐ Unit 1 | ☐ Unit 2 | ☐ Unit A | ☐ Unit B |
| ☑ Condo | ☐ Mobile/Manufactured Home | | ☐ No Dwelling | |

FHLMC

Attorney Office: Trott Law P.C. - Trott Law P.C. (team j)
Attorney File#: 447768F01
Notice ID: 1221361

447768F01

**TEAM J - Marilyn J. Gage**

Trott Law, P.C. Attorneys For Servicer 31440 Northwestern Hwy Ste 200 Farmington Hills, MI 48334-5422 THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY. ATTN PURCHASERS: This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. THE FORECLOSING PARTY ANTICIPATES BIDDING LESS THAN THE FORECLOSING PARTY'S OPINION OF THE MARKET VALUE. MORTGAGE SALE - Default has been made in the conditions of a mortgage made by Marilyn J. Gage, A Single Person, original mortgagor(s), to Citizens Bank, N.A. f/k/a RBS Citizens N.A. successor by merger and/or name change to First Federal of Michigan, The Michigan Operating name of Charter One Bank, FSB, Mortgagee, dated July 24, 1998, and recorded on September 26, 1998 in Liber 8299 on Page 473, in Macomb county records, Michigan, on which mortgage there is claimed to be due at the date hereof the sum of Seventeen Thousand Four Hundred and 19/100 Dollars ($17,400.19). Under the power of sale contained in said mortgage and the statute in such case made and provided, notice is hereby given that said mortgage will be foreclosed by a sale of the mortgaged premises, or some part of them, at public vendue, at the place of holding the circuit court within Macomb County, at 10:00 AM, on February 27, 2015. Said premises are situated in City of Sterling Heights, Macomb County, Michigan, and are described as: Unit 257, Building B, Andover Heights Condominium, according to the Master Deed as Recorded in Liber 1852, Pages 23 through 121, inclusive, Macomb County Records, and as amended by Amendment to Master Deed Recorded in Liber 2453, Pages 827 through 839, inclusive, Macomb county Records, and as designated as Macomb County Condominium Subdivision Plan No. 1, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public acts of 1978, as amended. The redemption period shall be 6 months from the date of such sale, unless determined abandoned in accordance with MCLA 600.3241a, in which case the redemption period shall be 30 days from the date of such sale. If the property is sold at foreclosure sale under Chapter 32 of the Revised Judicature Act of 1961, pursuant to MCL 600.3278 the borrower will be held responsible to the person who buys the property at the mortgage foreclosure sale or to the mortgage holder for damaging the property during the redemption period. Dated: January 27, 2015 For more information, please call: FC J (248) 593-1311 Trott Law, P.C. Attorneys For Servicer 31440 Northwestern Hwy Ste 200 Farmington Hills, Michigan 48334-5422 File #447768F01 (01-27)(02-17)

**AFFIDAVIT OF PUBLICATION**

(Affidavit of Publisher)

STATE OF MICHIGAN,
ss.
COUNTY OF OAKLAND

The undersigned, an employee of the publisher of Macomb County Legal News, having knowledge of the facts, being duly sworn deposes and says that a notice, a true copy of which is annexed hereto, was published in Macomb County Legal News a newspaper circulated in Macomb County on January 27, February 3, February 10, February 17, 2015 A.D.

Cindy C. Lawler

Subscribed and sworn before me on this

_____ day of _February_ _2015_ A.D.

Christina Jacobs

Notary Public Macomb County, Michigan. My commission expires: February 24, 2020 Acting in Oakland County, Michigan.

FHLMC

| | |
|---|---|
| Attorney: | Trott Law P.C. - Trott Law P.C. (team j) Macomb |
| AttorneyFile#: | 447768F01 |
| Notice#: | 1221361 |

447768F01

6. A written, official computation of the redemption amount will be prepared by Brad Stefanko within a reasonable period of time for any and all who request such a computation. Redemption payoff requests must be made in writing and will only be released to the homeowner or those acting on behalf of the homeowner with written consent. Under Section 3140(I), The Mortgagor, the Mortgagor's Heirs, Executors or Administrators, or any person lawfully claiming from or under the Mortgagor of the Mortgagor's Heirs, Executors, or Administrators may redeem.

7. Any redemption made without a written, current, computation provided by Brad Stefanko will be subject to audit and potential subsequent rejection of funds.

8. Attention: REGISTER OF DEEDS; DO NOT accept redemption funds without a written, current redemption computation from Brad Stefanko. Acceptance of funds without a Brad Stefanko computation will subject that redemption to an audit and potential subsequent rejection of the redemption funds.

9. The within Sheriff's Deed will become operative at the expiration of the redemption period, August 27th, 2015, unless said date falls on a weekend, at which point the redeeming party or anyone claiming under him, will have until 5:00pm the following Monday to perfect their redemption; OR the property is determined abandoned pursuant to MCLA 600.3241a, in which case the redemption period will be 30 days from the date of sale, OR should the Sheriff's Deed not be recorded within 20 days from the date of the foreclosure sale, in which case the redemption period will be 6 (six) months from the date of recording.

**\*LAST DAY TO REDEEM THIS PROPERTY IS: August 27th, 2015\***

Further affiant sayeth not.

Brad Stefanko
Managing Member
Trademark Properties of Michigan, LLC

Acknowledged, subscribed, and sworn to before me this ___ day of _____, 2015

_____
Notary Public

JENNA M DAVIS
NOTARY PUBLIC - STATE OF MICHIGAN
COUNTY OF OAKLAND
My Commission Expires May 11, 2020
Acting in the County of OAKLAND

Drafted by and when recorded return to:
Jenna Davis
Trademark Properties of Michigan, LLC
6689 ORCHARD LAKE RD. #335
WEST BLOOMFIELD, MI 48322-3404
(800)818-4029

Gage, Marilyn

Trott #447768F01

**NON-MILITARY AFFIDAVIT**
**STATE OF MICHIGAN**

SS.

**COUNTY OF OAKLAND**

The undersigned, being first duly sworn, deposes and says that upon investigation she/he is informed and believes that no borrower(s) are currently in active military service of the United States.

_Jennifer Switalski_

Signed and sworn to before me in Oakland County, Michigan, on this ___ day of _February_, 2015 by

Anita C. Keith, Notary public
State of Michigan, County of Oakland
My commission expires August 19, 2017
Acting in the County of Oakland

**EVIDENCE OF SALE (Affidavit of Auctioneer)**
**STATE OF MICHIGAN**

SS.

**COUNTY OF MACOMB**

Tina M. Fragnoli

, being duly sworn, deposes and says that she/he is a Deputy Sheriff of said Macomb; that she/he acted as Auctioneer, and made the sale as described in the annexed Deed pursuant to the annexed printed notice: that said sale was opened at 10:00 AM on the 27th day of February, A.D. 2015, at the North Main Street entrance to the Macomb county Court building in the City of Mt. Clemens, Macomb County, Michigan, that being the place of holding the Circuit Court in said Macomb County; that the highest bid for the lands and tenements therein described was Eighteen Thousand Two Hundred Eighty- _Five 135/100_ Dollars dollars $18,285.35 made by _Trademark Properties of_ * that said sale was in all respects open and fair; and that she/he did strike off and sell said lands and tenements to said bidders, which purchased the said lands and tenements fairly, and in good faith, as deponent verily believes.

*_Michigan, LLC_

I DO HEREBY CERTIFY that the last day to redeem is August 27, 2015, after which the within Sheriff's Deed will become operative, unless determined abandoned in accordance with MCLA 600.3241a, or unless redeemed according to the law, in such case made and provided.

Tina M. Fragnoli

Deputy Sheriff in and for Macomb County, Michigan

Signed and sworn to before me in Macomb County, Michigan, on ___2-27-15___

Notary Public, Macomb County, Michigan
My Commission Expires:
Acting in the county of Macomb

Prepared By:
Jennifer Switalski (P72262)
Trott Law, P.C.
31440 Northwestern Hwy Ste 200
Farmington Hills, MI 48334-5422
Trott # 447768F01

S. Mell, Notary Public
State of Michigan, County of Macomb
My Commission Expires 4/22/2019
Acting in the County of _____

**ATTN REGISTER OF DEEDS:** Please send all Redemption notifications and funds collected in your office to Federal Home Loan Mortgage Corporation c/o Trott Law, P.C., Post-Sale Unit, 31440 Northwestern Hwy Ste 200, Farmington Hills, MI 48334-5422.

**ATTN PURCHASERS:** This sale may be rescinded by the foreclosing mortgagee. In that event, your damages, if any, shall be limited solely to the return of the bid amount tendered at sale, plus interest. Please be advised that all 3rd party bidders are responsible for preparing and recording the Sheriff's Deed. TROTT LAW, P.C. Hereby expressly disclaims all liability relating to the foreclosure. preparation and recording of the Sheriff Deed.

447768F01 Gage - FC J

## Exhibit A - Property Description

Unit 257, Building B, Andover Heights Condominium, according to the Master Deed as Recorded in Liber 1852, Pages 23 through 121, inclusive, Macomb County Records, and as amended by Amendment to Master Deed Recorded in Liber 2453, Pages 827 through 839, inclusive, Macomb county Records, and as designated as Macomb County Condominium Subdivision Plan No. 1, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public acts of 1978, as amended.

## AFFIDAVIT OF PURCHASER

STATE OF MICHIGAN      )
                            SS)
COUNTY OF OAKLAND    )

Brad Stefanko, being first duly sworn, deposes and says:

1. That he is the duly authorized representative of Trademark Properties of Michigan LLC, and is familiar with the facts set forth herein.

2. This affidavit is being filed to declare the redemption amount in relation to the property located in the City of Sterling Heights, County of Macomb, State of Michigan, further described as:

Unit 257, Building B, Andover Heights Condominium, according to the Master Deed as Recorded in Liber 1852, Pages 23 through 121, inclusive, Macomb County Records, and as amended by Amendment to Master Deed Recorded in Liber 2453, Pages 827 through 839, inclusive, Macomb county Records, and as designated as Macomb County Condominium Subdivision Plan No. 1, together with rights in general common elements and limited common elements as set forth in the above Master Deed and as described in Act 59 of the Public acts of 1978, as amended

Commonly Known as: 8401 18 Mile Rd, Unit 257, Sterling Heights
Sidwell No.: 1010351257

3. Redemption must include $18,284.35 plus interest at the rate of 2.875% from February 27th, 2015; at a per diem amount of $1.44, plus additional expenses for Taxes; Redemption of Senior Liens; Condominium Assessments; Homeowner Assessments; Community Association Assessments; or Premiums of Insurance Policies and Redemption Servicing Fee. An authorized computation of the above can be received only from the designee listed below.

4. The Redemption Servicing Fee, as allowed by Michigan Statute is $250.00, plus recording costs. The servicing fee is payable to Trademark Properties of Michigan, LLC and will be added to the redemption amount.

**TO ORDER A REDEMPTION COMPUTATION CALL:**
TRADEMARK PROPERTIES OF MICHIGAN, LLC
6689 ORCHARD LAKE RD. #335
WEST BLOOMFIELD, MI 48322-3404
PHONE: 1-800-818-4029 ext. 4
FAX: 1-866-261-0191
EMAIL: payoff@trademarkpropertiesmi.com

5. Trademark Properties of Michigan, LLC hereby appoints Brad Stefanko as its designee and pursuant to MCLA 600.3240 declares that a computation of the amount to redeem done by any other than Brad Stefanko is subject to designee's audit of said computation and such redemption funds are subject to rejection.



**AAA NORTH**

| ☑ 40682 Ryan Road | ☐ 71030 Van Dyke | ☐ 16432 26 Mile Rd. |
|---|---|---|
| Sterling Heights, MI 48310 | Romeo, MI 48065 | Macomb Twp., MI 48042 |
| Phone (586) 274-1111 | Phone (586) 752-0600 | Phone (686) 677-8888 |
| Fax (586) 274-4580 | Fax (586) 752-5517 | Fax (586) 677-4460 |

# Purchase Agreement

| Listing Broker | Selling Broker |
|---|---|
| Real Star Real Estate Inc | Century 21 AAA North |
| Agent  SOTERO M LOPEZ II   ID  379765 | Agent  Mike Antise   ID  359362 |
| Office ID  324882  Phone  (248) 632-6443 | Office ID  421  Phone  586-274-1111 |

1. **PROPERTY DESCRIPTION:** The undersigned Purchaser hereby offers and agrees to purchase property located in Michigan, City/Township/Village of   Sterling Heights   County of   Macomb  

   Property ID#  1010351257   Legal description ANDOVER HEIGHTS, MCCP NO 1, UNIT 257

   Also being commonly known as  8481 18 Mile Road Bldg#2 Unit#257   Zip  48313  
   Street Address

   Purchase is subject to existing building and use restrictions, easements, and zoning ordinances, unless contract specifies otherwise.

   Property described above shall include all available mineral rights, all fixtures, improvements and appurtenances now in or on property, including all built-in appliances/equipment, shelving, cabinets, all lighting fixtures, ceiling fans, attached carpeting, curtain and drapery hardware, window shades and blinds, attached mirrors, telephone system (not individual plug-in instruments), television antennas, satellite dishes (any accessories and complete rotor equipment), storm doors, storm windows, screens, awnings garage door openers and transmitters, water softeners (if owned) and security systems (if owned), mail box, fences, fireplace (inserts, doors, screens, gas logs, grates, gas attachments and equipment), attached humidifiers, all landscaping, fuel in tanks, central vacuum and attachments, and
   Dishwasher,Disposal,Refrigerator,Stove

2. **PRICE:** Purchaser agrees to pay the sum of  Thirty-Five Thousand   Dollars$ 35,000.00  

3. **METHOD OF PAYMENT:** All money must be paid in U.S. funds by certified or cashiers check, or any other manner acceptable to closing agent. Sale shall be completed by the following method: (Mark only the box that applies.)
   ☑ A. **CASH SALE.** Delivery of a Warranty Deed conveying a marketable title.
   ☐ B. **CASH SALE WITH NEW MORTGAGE.** Delivery of a Warranty Deed conveying a marketable title. This agreement is contingent upon the purchaser being able to secure a _____ Mortgage in the amount of $_____ and pay $_____ down plus mortgage costs, prepaid items, and adjustments in cash. Purchaser agrees to apply for such mortgage within ____ calendar days from date of Seller's acceptance. If a mortgage commitment, conditioned only upon marketable title, is not obtained within ____ calendar days from date of agreement, Seller shall be notified immediately. The Purchaser and Seller may agree to extend agreement to a date certain, or cancel this contract and the deposit shall be returned. (FHA or VA attached addendum.)
   ☐ C. **SALE TO EXISTING FINANCING OR LAND CONTRACT SALE.** (See attached "ADDENDUM" made a part hereof).

4. **EARNEST MONEY:** Purchaser is depositing $  1,000.00   in the form of ☐ cash, ☑ personal check, ☐ cashier's check or money order (check one). Earnest money shall be held and deposited by the Broker in a separate custodial or trust account in accordance with the rules and regulations of the State of Michigan, and applied to the purchase price if the sale is consummated. If the offer made is not acceptable to the Seller the earnest money shall be returned to the Purchaser. Broker hereby acknowledges receipt of the earnest money and a copy of this agreement shall serve as a receipt to Purchaser. Broker will release earnest money only upon one of the following conditions:
   • Closing of this transaction.
   • Mutual Release signed by Seller and Purchaser.
   • Interplead with Circuit Court

5. **BROKERS ACKNOWLEDGMENT OF EARNEST MONEY DEPOSIT:** Received By CENTURY 21 AAA North.

   _____   3-34-15
   Broker's Representative    Mike Antise        Date

F.D.
_____
**PURCHASER'S INITIAL**

_____
**SELLER'S INITIAL**

Purchase Agreement                    Rev 1/13                    Page 1 of 4   Instanet Forms

EXHIBIT
B

6. **CLOSING:** Subject to all conditions herein, closing shall take place within 10 days after written mortgage approval, if applicable.  Said closing shall take place at the Listing Office unless otherwise mutually agreed. Seller shall pay all state and county transfer taxes and other costs required to convey title. Other **on or before 30 Days after short sale final approval.**

7. **POSSESSION:** Seller shall deliver and the Purchaser shall accept possession of said property.  If the Seller occupies the property it shall be vacated on or before ___30___ days after closing. From the day of vacating the property as agreed, SELLER SHALL PAY the sum of $ __25.00__ per day. THE BROKER, OR DESIGNATED TITLE COMPANY, SHALL RETAIN from the amount due the Seller at closing the sum of $ __750.00__ as security for said occupancy charge, paying to the Purchaser the amount due and returning to the Seller the unused portion as determined by date property is vacated and keys surrendered to Broker.  (Broker has no obligation or otherwise for seeing that the premises are vacated on the date specified or for the condition of the premises, etc., but is only acting as an escrow agent for holding the occupancy deposit.)

   If the seller fails to give possession to Purchaser as provided and Seller retains the property beyond the agreed time, Seller may be liable for the cost of eviction proceedings, attorneys fees, damages and other cost incurred by Purchaser in obtaining possession and collecting the amount due.  If tenant(s) occupy the property see attached Tenant Addendum.

8. **AVAILABILITY OF HOME PROTECTION PLANS:** Purchaser and Seller are hereby notified of benefits of having premises covered by a Home Protection Plan and are aware that such plan may be purchased mutually or separately by either party.

9. **SEWER AND WATER CHARGES :** Seller agrees to pay all sewer and water charges to date of ☐ CLOSING ☑ POSSESSION. (Closing to apply if no choice is made.) Designated escrow agent shall retain from amount due Seller at closing a minimum of $300.00 for water charges. When final water bill is verified paid any unused portion shall be returned to Seller.  If seller fails to produce a bill within 30 days of vacating the property seller shall forfeit any claim to funds in escrow account and the entire amount shall be delivered to the purchaser.

10. **TITLE EVIDENCE AND OBJECTIONS:** Seller authorizes broker to order title insurance within ten (10) business days of acceptance of offer and to furnish Purchaser a Eagle Policy Commitment of Title insurance without standard exceptions prior to closing. After closing, a Policy of Title Insurance will be issued in the amount of purchase price, bearing date later than acceptance hereof guaranteeing title in condition required for performance of this Agreement. If objection to title is made, based upon written opinion of Purchaser that title is not in condition required for performance hereunder, Seller shall have 30 calendar days from date notified in writing of particular defects claimed, either (1) to remedy title, or (2) to obtain title insurance as required above. Purchaser agrees to complete sale within 10 calendar days of written notification thereof. If seller in good faith is unable to remedy title or obtain title insurance within said 30 days, at Purchaser's option this Agreement may be declared null and void.

11. **SURVEY:** Broker recommends Purchaser obtain a survey.

12. **PROPERTY TAXES:** Seller shall pay all property taxes due and payable on or before date of closing. Current taxes shall be prorated and adjusted as of date of closing in accordance with due date basis of municipality or taxing unit in which property is located.

13. **PRIVATE ROADS:** If the property is located on a private road see addendum.  (Private Road, Condominium, or Homeowners Association Addendum).

14. **SPECIAL ASSESSMENTS:** Seller shall discharge all public authority charges (special assessments, water, sewer, paving charges, etc.), which are currently due and payable. Purchaser shall assume responsibility for future payments for multiple year assessments and any future assessments not yet recorded or invoiced, subject to municipal ordinance.

15. **CONDOMINIUM AND HOMEOWNERS ASSOCIATION ASSESSMENTS:** Any condominium, homeowner association dues/assessments/liens shall be paid by seller at closing. Current dues shall be prorated. Purchaser will pay any and all dues/assessments/liens coming due after closing. (See Condominium or Homeowners Addendum)

16. **MAINTENANCE OF THE PROPERTY:** Before Closing  Seller is responsible to keep property in substantially the same condition as of date of this Agreement, maintaining grounds and providing routine maintenance of heating/air conditioning, sewer, septic, wells, plumbing, electrical systems and any included appliances and equipment until property is vacated and keys are surrendered by Seller. Seller is responsible to keep all systems in working order until vacating; except for any conditions that may have been disclosed in Seller's Disclosure Statement or conditions discovered by Purchaser as part of any inspections made by or on behalf of Purchaser where Purchaser accepted such conditions. After Closing the Purchaser is responsible to repair or replace any breakdown of above mentioned systems, roof leaks or foundation leaks during the possession period. The Seller is responsible for notifying the Purchaser of any defects with these systems immediately upon discovery. Seller further agrees to keep all utility services (electric, gas, and water) operating until date of possession by Purchaser.  In event property herein has been winterized, it shall be the obligation and expense of Seller to de-winterize property prior to closing. Seller agrees to leave property broom-clean and free of debris and any personal property. Purchaser agrees to acquire utility service (electric, gas heating fuel, etc) upon taking possession.

17. **RISK OF LOSS:** If loss or damage to property occurs before closing for any reason including but not limited to a natural disaster, risk of loss shall be on the Seller. If property is destroyed or substantially damaged prior to closing, at Purchaser's option, this Agreement may be declared null and void.

_FD_
PURCHASER'S INITIAL

✓ _SLV_
SELLER'S INITIAL

Purchase Agreement

Rev 1/13

Page 2 of 4

InstanEt Forms

18. **DEFAULT**: In the event of default by the Seller, the Purchaser may elect to enforce the terms hereof or demand and be entitled to, a refund of the entire deposit in full termination of this agreement. In the event of default by the Purchaser, the Seller may elect to enforce the terms hereof or declare forfeiture and retain the deposit as liquidated damages.

19. **DISCLAIMER OF BROKER(S)**: Brokers and Salespersons specifically disclaim any responsibility for condition of property or for performance of this Agreement by the parties. It is further understood and agreed that neither Listing Broker nor Selling Broker warrants property's condition nor do they assume responsibility for any representations made by Seller pertaining to its condition.

PURCHASER'S INITIAL       SELLER'S INITIAL

20. **FINAL WALK-THROUGH PRIOR TO CLOSING**: Buyer reserves the right to walk through property within 48 hours prior to closing to confirm all terms of Agreement have been met.

21. **ENTIRE AGREEMENT**: This Agreement constitutes the entire agreement between Purchaser and Seller. Seller and Purchaser acknowledge neither Listing Broker or Selling Broker, or their salespersons, is a party to this agreement. It is further understood that no promises have been made other than those that are in writing and signed by all parties involved. VERBAL AGREEMENTS ARE NOT BINDING.

22. **SUCCESSORS AND ASSIGNS**: Agreements herein shall bind executors, administrators, successors and assigns of respective parties, if applicable.

23. **CLOSING FEE**: Buyer agrees to pay for closing fees as may be charged by the lender, the Title Company, and a $195.00 compliance fee payable to CENTURY 21 AAA North   at closing.

24. **COUNTER OFFER PROVISION**: In the event Seller makes ANY written changes to terms and conditions herein, such changes, if initialed and signed by Seller, will constitute a counter offer by Seller to Purchaser. Acceptance occurs when Purchaser initials each change, signs Purchaser Acknowledgment of Receipt and delivers notice to Seller. Seller reserves the right to accept subsequent offers prior to knowledge of acceptance of Purchaser thereby declaring the counter offer null and void.

PURCHASER'S INITIAL       SELLER'S INITIAL

25. **LEAD-BASED PAINT DISCLOSURE** : (For residential housing built prior to 1978.) Purchaser acknowledges that prior to signing the Purchase Agreement, Purchaser received and reviewed a copy of the Lead Based Paint Seller's Disclosure Form dated ___03/05/15___ the terms of which are incorporated herein.

Initials   Purchaser shall have a 10 day opportunity after the date of this agreement to conduct a lead based inspection of the property.

Initials   Purchaser waives their opportunity to conduct a lead-based inspection.

26. **INSPECTION OF PROPERTY**: Broker recommends that Purchaser obtain an independent private inspection of property at Purchaser's expense. These may include but are not limited to any inspection(s) or research deemed necessary by Purchaser, including: structural integrity, condition of mechanical systems, environmental status, health or safety conditions, surveys, and infestation by wood destroying insects. Purchaser agrees to obtain an inspection within a period of 5 calendar days from date of acceptance herein. If Purchaser does not notify Selling Broker in writing by 6:00 P.M., within 2 calendar days after inspection, that the inspection has revealed substantial defects in the structural, plumbing, heating or electrical systems in excess of normal usage, and provides Selling Broker with a written copy of the inspection report attached thereto, all terms and conditions of the Purchase Agreement shall be binding and sale shall be consummated as specified therein. In the event that the inspection report reveals substantial defects as stipulated above which are not defects disclosed by Seller in the Seller's Disclosure Statement, then Seller shall proceed under one of the following options:

(A) Acknowledge within (5) business days of Seller's receipt of inspection results that Seller will treat the condition and repair, by licensed  contractor, the defect at Seller's own expense.

(B) Terminate the Agreement and refund the deposit to the Purchaser, within (5) business days of Seller's receipt of inspection results.

Should Seller elect to terminate the agreement, the Purchaser shall still have the option to consummate the purchase transaction, taking the property in an "as-is" condition, with whatever defects exist. To exercise this option, Purchaser must provide Seller with written notice of such decision within 3 calendar days from Seller's notice of their election to terminate the agreement, and prior the return of escrow funds,

Purchaser Does _____   Does Not _____   Desire to have Property Inspection
            Purchaser's Initials        Purchaser's Initials

PURCHASER'S INITIAL

Purchase Agreement                              Rev 1/13        SELLER'S INITIAL

18. **DEFAULT:** In the event of default by the Seller, the Purchaser may elect to enforce the terms hereof or demand and be entitled to, a refund of the entire deposit in full termination of this agreement. In the event of default by the Purchaser, the Seller may elect to enforce the terms hereof or declare forfeiture and retain the deposit as liquidated damages.

19. **DISCLAIMER OF BROKER(S):** Brokers and Salespersons specifically disclaim any responsibility for condition of property or for performance of this Agreement by the parties. It is further understood and agreed that neither Listing Broker nor Selling Broker warrants property's condition nor do they assume responsibility for any representations made by Seller pertaining to its condition.

_____ _FD_ _____    V _____
PURCHASER'S INITIAL    SELLER'S INITIAL

20. **FINAL WALK-THROUGH PRIOR TO CLOSING:** Buyer reserves the right to walk through property within 48 hours prior to closing to confirm all terms of Agreement have been met.

21. **ENTIRE AGREEMENT:** This Agreement constitutes the entire agreement between Purchaser and Seller. Seller and Purchaser acknowledge neither Listing Broker, or their salespersons, is a party to this agreement. It is further understood that no promises have been made other than those that are in writing and signed by all parties involved. VERBAL AGREEMENTS ARE NOT BINDING.

22. **SUCCESSORS AND ASSIGNS:** Agreements herein shall bind executors, administrators, successors and assigns of respective parties, if applicable.

23. **CLOSING FEE:** Buyer agrees to pay for closing fees as may be charged by the lender, the Title Company, and a $195.00 compliance fee payable to CENTURY 21 AAA North   at closing.

24. **COUNTER OFFER PROVISION:** In the event Seller makes ANY written changes to terms and conditions herein, such changes, if initialed and signed by Seller, will constitute a counter offer by Seller to Purchaser. Acceptance occurs when Purchaser initials each change, signs Purchaser Acknowledgment of Receipt and delivers notice to Seller. Seller reserves the right to accept subsequent offers prior to knowledge of acceptance of Purchaser thereby declaring the counter offer null and void.

_____ _FD_ _____    V _____
PURCHASER'S INITIAL    SELLER'S INITIAL

25. **LEAD-BASED PAINT DISCLOSURE :** (For residential housing built prior to 1978.) Purchaser acknowledges receipt prior to signing the Purchase Agreement. Purchaser received and reviewed a copy of the Lead Based Paint Seller's Disclosure Form dated ___03/05/15__ the terms of which are incorporated herein.

_____ _/_ _____    Purchaser shall have a 10 day opportunity after the date of this agreement to conduct a lead based inspection of
Initials    the property.
_____ _FD_ _____    Purchaser waives their opportunity to conduct a lead-based inspection.
Initials

26. **INSPECTION OF PROPERTY:** Broker recommends that Purchaser obtain an independent private inspection of property at Purchaser's expense. These may include but are not limited to any inspection(s) or research deemed necessary by Purchaser, including; structural integrity, condition of mechanical systems, environmental status, health or safety conditions, surveys, and infestation by wood destroying insects. Purchaser agrees to obtain an inspection within a period of 5 calendar days from date of acceptance herein. If Purchaser does not notify Selling Broker in writing by 6:00 P.M., within 2 calendar days after inspection, that the inspection has revealed substantial defects in the structural, plumbing, heating or electrical systems in excess of normal usage, and provides Selling Broker with a written copy of the inspection report attached thereto, all terms and conditions of the Purchase Agreement shall be binding and sale shall be consummated as specified therein. In the event that the inspection report reveals substantial defects as stipulated above which are not defects disclosed by Seller in the Seller's Disclosure Statement, then Seller shall proceed under one of the following options:

(A) Acknowledge within (5) business days of Seller's receipt of inspection results that Seller will treat the condition and repair, by licensed  contractor, the defect at Seller's own expense.

(B) Terminate the Agreement and refund the deposit to the Purchaser, within (5) business days of Seller's receipt of inspection results.

Should Seller elect to terminate the agreement, the Purchaser shall still have the option to consummate the purchase transaction, taking the property in an "as-is" condition, with whatever defects exist. To exercise this option, Purchaser must provide Seller with written notice of such decision within 3 calendar days from Seller's notice of their election to terminate the agreement, and prior the return of escrow funds.

Purchaser Does _____    Does Not _FD_ _____ Desire to have Property Inspection
Purchaser's Initials    Purchaser's Initials

_FD_ _____
PURCHASER'S INITIAL

Purchase Agreement    Rev 1/13

V _SLV_ _____
SELLER'S INITIAL

Page 3 of 4  **Instanet forms**

27. **PURCHASER ACCEPTANCE OF AS-IS CONDITION:** If Purchaser elects to close not withstanding reported conditions of any inspection report, Purchaser shall be deemed to have accepted property in its "as is" condition as of the date of closing and holds Seller and Broker (s) involved in this transaction harmless for any future problems. Purchaser hereby knowingly waives releases and relinquishes any and all claims or causes of action against Brokers, their offices, directors, employees' and/or its agents for the condition of property.

28. **LIABILITY OF BUYER FOR DAMAGE:** Purchaser shall be solely responsible for any and all damage to property as a result of any and all inspection(s) of property authorized by or conducted by Purchaser. Purchaser shall pay for any and all necessary repairs to restore property to its condition prior to inspection(s) or shall reimburse Seller for actual cost of such restoration.

29. **BUYER RESEARCH:** Broker recommends the Purchaser research square footage, any building and use restrictions, easements of record and ordinances and/or regulations enacted by government entities to ensure intended use of premises.

30. **WELL AND SEPTIC SYSTEM INSPECTION:** If property is serviced by well and/or septic system, Seller shall provide at Sellers expense, and deliver to Purchaser within 15 days of acceptance, an inspection report by county health department or other qualified inspector, as required by county or state authorities. ☐ See Addendum

31. **MUNICIPALITY INSPECTIONS:** If a municipal inspection and/or certification of premises are required by local ordinance, regulation, State or Federal law, or Purchaser's lending institution, Seller agrees to pay for said inspections. Seller agrees to complete any and all *TDV* repairs required by municipality. *TDV FD*    WILL NOT PAY  *FD*  DOES NOT AGREE *TDV*  *FD*

32. **OTHER TERMS AND CONDITIONS:** Offer is valid until 03/26/2015  *4/1/15*  *TDV*  *FD*
_____
_____

33. **EXCLUDED ITEMS** _____
_____
_____

Any attached items NOT specifically excluded herein, or by addendum, shall be considered included in the sale

34. **RECOMMENDATION FOR LEGAL COUNSEL:** Broker(s) recommend(s) that all parties to this agreement retain an attorney to protect their interest.

35. **PURCHASER SIGNATURE AND ACKNOWLEDGMENT OF RECEIPT:** Buyer hereby makes offer with terms and conditions contained herein. Purchaser acknowledges receipt of a copy of this Agreement.

WITNESS _____        PURCHASER *FD* _____
          Mike Antion                        Fabjan Dodaj
DATE  03/26/15                       PURCHASER _____

36. **ACCEPTANCE OF AGREEMENT OF SALE:** The above terms of purchase are accepted and Seller acknowledges receipt of a copy hereof. Sellers hereby direct that no further offers be presented after acknowledgment of this offer.

WITNESS _____        SELLER _Theresa D. Tieson_
✓ DATE  4/1/15                       SELLER _____

37. **PURCHASER ACKNOWLEDGMENT OF SELLERS ACCEPTANCE:** Purchaser hereby acknowledges receipt of Seller's signed acceptance of this Agreement and by signing below shall constitute a final acceptance to terms and conditions contained herein.

WITNESS _____        PURCHASER _____
          Mike Antion                        Fabjan Dodaj
DATE  4-2-15                         PURCHASER _____

Purchase Agreement                    Rev 1/13                              Page 4 of 4  Instanet forms



# Disclosure Regarding Real Estate
# Agency Relationships



**K-1**

Before you disclose confidential information to a real estate licensee regarding a real estate transaction, you should understand what type of agency relationship you have with that licensee. A real estate transaction is a transaction involving the sale or lease of any legal or equitable interest in real estate consisting of not less than 1 or not more than 4 residential dwelling units or consisting of a building site for a residential unit on either a lot as defined in section 102 of the land division act, 1967 PA 288, MCL 560.102, or a condominium unit as defined in section 4 of the condominium act, 1978 PA 59, MCL 559.104.

(1) An agent providing services under any service provision agreement owes, at a minimum, the following *duties* to the client:

    (a)  The exercise of reasonable care and skill in representing the client and carrying out the responsibilities of the agency relationship.

    (b)  The performance of the terms of the service provision agreement.

    (c)  Loyalty to the interest of the client.

    (d)  Compliance with the laws, rules, and regulations of this state and any applicable federal statutes or regulations.

    (e)  Referral of the client to other licensed professionals for expert advice related to material matters that are not within the expertise of the licensed agent. **A real estate licensee does not act as an attorney, tax advisor, surveyor, appraiser, environmental expert, or structural or mechanical engineer and you should contact professionals on these matters.**

    (f)  An accounting in a timely manner of all money and property received by the agent in which the client has or may have an interest.

    (g)  Confidentiality of all information obtained within the course of the agency relationship, unless disclosed with the client's permission or as provided by law, including the duty not to disclose confidential information to any licensee who is not an agent of the client.

(2) A real estate broker or real estate salesperson acting pursuant to a service provision agreement shall provide the following *services* to his or her client:

    (a)  When the real estate broker or real estate salesperson is representing a seller or lessor, the marketing of the client's property in the manner agreed upon in the service provision agreement.

    (b)  Acceptance of delivery and presentation of offers and counteroffers to buy, sell, or lease the client's property or the property the client seeks to purchase or lease.

    (c)  Assistance in developing, communicating, negotiating, and presenting offers, counteroffers, and related documents or notices until a purchase or lease agreement is executed by all parties and all contingencies are satisfied or waived.

    (d)  After execution of a purchase agreement by all parties, assistance as necessary to complete the transaction under the terms specified in the purchase agreement.

    (e)  For a broker or associate broker who is involved at the closing of a real estate or business opportunity transaction, furnishing, or causing to be furnished, to the buyer and seller, a complete and detailed closing statement signed by the broker or associate broker showing each party all receipts and disbursements affecting that party.

Michigan law requires real estate licensees who are acting as agents of sellers or buyers of real property to advise the potential sellers or buyers with whom they work of the nature of their agency relationship.

## SELLER'S AGENTS

A seller's agent, under a listing agreement with the seller, acts solely on behalf of the seller. A seller can authorize a seller's agent to work with subagents, buyer's agents and/or transaction coordinators. A subagent of the seller is one who has agreed to work with the listing agent, and who, like the listing agent, acts solely on behalf of the seller. Seller's agents and their subagents will disclose to the seller known information about the buyer which may be used to the benefit of the seller.

Individual services may be waived by the seller through execution of a limited service agreement. Only those services set forth in paragraph (2)(b), (c), and (d) above may be waived by the execution of a limited service agreement.

## BUYER'S AGENTS

A buyer's agent, under a buyer's agency agreement with the buyer, acts solely on behalf of the buyer. A subagent of the buyer is one who has agreed to work with the buyer's agent with who, like the buyer's agent, acts solely on behalf of the buyer. Buyer's agents and their subagents will disclose to the buyer known information about the seller which may be used to benefit the buyer.

Individual services may be waived by the buyer through execution of a limited service agreement. Only those services set forth in paragraph (2)(b), (c), and (d) above may be waived by the execution of a limited service agreement.

**Form K**  ©1996 Michigan Association of REALTORS®. Revised 06/2011.  PO Box 40725, Lansing, MI  48901-7925  Ph. 800.454.7842  Fax 517.334.5568

## DUAL AGENTS

**K-2**

A real estate licensee can be the agent of both the seller and the buyer in a transaction, but only with the knowledge and informed consent, in writing, of both the seller and the buyer.

In such a dual agency situation, the licensee will not be able to disclose all known information to either the seller or the buyer. As a dual agent, the licensee will not be able to provide the full range of fiduciary duties to the seller or the buyer.

The obligations of a dual agent are subject to any specific provisions set forth in any agreement between the dual agent, the seller and the buyer.

## TRANSACTION COORDINATOR

A transaction coordinator is a licensee who is not acting as an agent of either the seller or the buyer, yet is providing services to complete a real estate transaction. The transaction coordinator is not an agent for either party and therefore owes no fiduciary duty to either party.

## DESIGNATED AGENCY

A buyer or seller with a designated agency agreement is represented only by agents specifically named in the agreement. Any agents of the firm not named in the agreement do not represent the buyer or seller. The named "designated" agent acts solely on behalf of his or her client and may only share confidential information about the client with the agent's supervisory broker who is also named in the agreement. Other agents in the firm have no duties to the buyer or seller and may act solely on behalf of another party in the transaction.

## LICENSEE DISCLOSURE (Check one)

I hereby disclose that the agency status of the licensee named below is:

_____ Seller's agent

_____ Seller's agent – limited service agreement

__X__ Buyer's agent

_____ Buyer's agent – limited service agreement

_____ Dual agent

_____ Transaction coordinator (A licensee who is not acting as an agent of either the seller or the buyer.)

_____ None of the above

## AFFILIATED LICENSEE DISCLOSURE (Check one)

_____ Check here if acting as a designated agent. Only the licensee's broker and a named supervisor broker have the same agency relationship as the licensee named below. If the other party in a transaction is represented by an affiliated licensee, then the licensee's broker and all named supervisory brokers shall be considered disclosed consensual dual agents.

__X__ Check here if not acting as a designated agent. All affiliated licensees have the same agency relationship as the licensee named below.

Further, this form was provided to the buyer or seller before disclosure of any confidential information.

_____          5-24-15
Licensee                                                    Date

_____          _____
Licensee                                                    Date

## ACKNOWLEDGMENT

By signing below, the parties acknowledge that they have received and read the information in this agency disclosure statement and acknowledge that this form was provided to them before the disclosure of any confidential information. **THIS IS NOT A CONTRACT.**

The undersigned _____ DOES _____ DOES NOT have an agency relationship with any other real estate licensee. If an agency relationship exists, the undersigned is represented as _____ SELLER _____ BUYER.

_____          03.24.2015
Potential Buyer/Seller (circle one)                      Date

_____          _____
Potential Buyer/Seller (circle one)                      Date

> **Disclaimer** This form is provided as a service of the Michigan Association of REALTORS®. Please review both the form and details of the particular transaction to ensure that each section is appropriate for the transaction. The Michigan Association of REALTORS® is not responsible for use or misuse of the form, for misrepresentation, or for warranties made in connection with the form.

Form K   ©1995 Michigan Association of REALTORS®, Revised 06/2011.   PO Box 40725, Lansing, MI 48901-7825   Ph. 800.454.7842   Fax 517.334.5568

**MICHIGAN ASSOCIATION OF**
# REALTORS®
## LEAD-BASED PAINT SELLER'S DISCLOSURE FORM



Property Address: _8401  18 mile   #257_
Street
_Sterling Hts_          **MICHIGAN**   _48313_
City, Village, Township

**Lead Warning Statement**
Every purchaser of any interest in residential real property on which a residential dwelling was built prior to 1978 is notified that such property may present exposure to lead from lead-based paint that may place young children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems, and impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in residential real property is required to provide the buyer with any information on lead-based paint hazards from risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to purchase.

**I.    Seller's Disclosure (initial)**
_____    (a) Presence of lead-based paint and/or lead-based paint hazards (check one below):
☐    Known lead-based paint and/or lead-based paint hazards are present in the housing (explain):
_____
☑    Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing.

_____    (b) Records and reports available to the seller (check one below):
☐    Seller has provided the purchaser with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below):
_____
☑    Seller has no reports or records pertaining to lead-based paint hazards in the housing.

Seller certifies that to the best of his/her knowledge, the Seller's statements above are true and accurate.

Date: _3-6-15_                    Seller(s) _____

Date: _____

**II.   Agent's Acknowledgment (initial)**
_____    Agent has informed the seller of the seller's obligations under 42 U.S.C. 4852d and is aware of his/her responsibility to ensure compliance.

Agent certifies that to the best of his/her knowledge, the Agent's statement above is true and accurate.

Date: _3-6-15_                    Agent _____

**III.  Purchaser's Acknowledgment (initial)**
_____    (a) Purchaser has received copies of all information listed above.
_____    (b) Purchaser has received the federally approved pamphlet *Protect Your Family From Lead In Your Home.*
_____    (c) Purchaser has (check one below):
☐    Received a 10-day opportunity (or other mutually agreed upon period) to conduct a risk assessment or inspection of the presence of lead-based paint or lead-based paint hazards; or
☑    Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint and/or lead-based paint hazards.

Purchaser certifies to the best of his/her knowledge, the Purchaser's statements above are true and accurate.

Date: _____                Purchaser(s) _____

Date: _____

FORM L-3, ©1996 Michigan Association of REALTORS®, 10/96

**Instanet forms**

This contract is for use by Realcomp Subscribers. Use by any other party is illegal and voids the contract.

**REALTORS**

# Seller's Disclosure Statement

Property Address: 8400 18 mile #257    Sterling Hts mt 48313    MICHIGAN
             Street                City, Village or Township

**Purpose of Statement:** This statement is a disclosure of the condition of the property in compliance with the Seller Disclosure Act. This is a disclosure of the condition and information concerning the property, known by the Seller. Unless otherwise advised, the Seller does not possess any expertise in construction, architecture, engineering or any other specific area related to the construction or condition of the improvements on the property or the land. Also, unless otherwise advised, the Seller has not conducted any inspection of generally inaccessible areas such as the foundation or roof. **This statement is not a warranty of any kind by the Seller or by any Agent representing the Seller in this transaction, and is not a substitution for any inspections or warranties the Buyer may wish to obtain.**

**Seller's Disclosure:** The Seller discloses the following information with the knowledge that even though this is not a warranty, the Seller specifically makes the following representations based on the Seller's knowledge at the signing of this document. Upon receiving this statement from the Seller, the Seller's Agent is required to provide a copy to the Buyer or the Agent of the Buyer. The Seller authorizes its Agent(s) to provide a copy of this statement to any prospective Buyer in connection with any actual or anticipated sale of property. The following are representations made solely by the Seller and are not the representations of the Seller's Agent(s), if any. **THIS INFORMATION IS A DISCLOSURE ONLY AND IS NOT INTENDED TO BE A PART OF ANY CONTRACT BETWEEN BUYER AND SELLER.**

**Instructions to the Seller.** (1) Answer ALL questions. (2) Report known conditions affecting the property. (3) Attach additional pages with your signature if additional space is required. (4) Complete this form yourself. (5) If some items do not apply to your property, check NOT AVAILABLE. If you do not know the facts, check UNKNOWN. FAILURE TO PROVIDE A PURCHASER WITH A SIGNED DISCLOSURE STATEMENT WILL ENABLE A PRUCHASER TO TERMINATE AN OTHERWISE BINDING PURCHASE AGREEMENT.

**Appliances/Systems/Services:** The items below are in working order. (The items listed below are included in the sale of the property only if the purchase agreement so provides.)

| | Yes | No | Unknown | Not Available | | Yes | No | Unknown | Not Available |
|---|---|---|---|---|---|---|---|---|---|
| Range/oven | ✓ | | | | Lawn sprinkler system | | | | ✓ |
| Dishwasher | | | | ✓ | Water heater | ✓ | | | |
| Refrigerator | ✓ | | | | Plumbing system | ✓ | | | |
| Hood/fan | ✓ | | | | Water softener/ | | | | ✓ |
| Disposal | ✓ | | | | conditioner | | | | |
| TV antenna, TV rotor controls | | | | ✓ | Well & pump | | | | ✓ |
| | | | | | Septic tank & drain field | | | | ✓ |
| Electric system | ✓ | | | | Sump pump | | ✓ | | |
| Garage door opener & remote control | | | | ✓ | | | | | |
| Alarm System | | | | ✓ | City water system | ✓ | | | |
| | | | | | City sewer system | ✓ | | | |
| Intercom | | | | ✓ | Central air conditioning | ✓ | | | |
| Central vacuum | | | | ✓ | Central heating system | ✓ | | | |
| Attic fan | | | | ✓ | Wall furnace | | | | ✓ |
| Pool heater, wall liner & equipment | | | | ✓ | Humidifier | | | | ✓ |
| Microwave | | | | ✓ | Electronic air filter | | | | ✓ |
| Trash compactor | | | | ✓ | Solar heating system | | | | ✓ |
| | | | | | Fireplace & chimney | | | | ✓ |
| Ceiling fan | | | | ✓ | Wood burning system | | | | ✓ |
| Sauna/hot tub | | | | ✓ | Dryer | | | | ✓ |
| Washer | | | | ✓ | | | | | |

Explanations (attach additional sheets if necessary):

UNLESS OTHERWISE AGREED, ALL HOUSEHOLD APPLIANCES ARE SOLD IN WORKING ORDER EXCEPT AS NOTED WITHOUT WARRANTY BEYOND DATE OF CLOSING.

**Property conditions, improvements & additional information:**
1. **Basement/Crawlspace:** Has there been evidence of water?                                    yes _____ no ✓
   If yes, please explain: _____
2. **Insulation:** Describe, if known: _____ Unknown
   Urea Formaldehyde Foam Insulation (UFFI) is installed?          unknown ✓ yes _____ no _____
3. **Roof:** Leaks?                                                                yes _____ no ✓
   Approximate age if known: _____
4. **Well:** Type of well (depth/diameter, age and repair history, if known): _____
   Has the water been tested?                                                    yes _____ no ✓
   If yes, date of last report/results: _____

BUYER'S INITIALS _____
SELLER'S INITIALS TDV

PAGE 1 OF 2

FORM H  JUN/06

## Seller's Disclosure Statement

**Property Address:** _____ Street _____ City, Village or Township _____

5. Septic tanks/drain fields: Condition, if known: _____ unKnown
6. Heating system: Type/approximate age: _____ unknown
7. Plumbing system: Type:  copper  ✔  galvanized _____ other _____
   Any known problems? _____
8. Electrical system: Any known problems? _____  N/A
9. History of Infestation, if any: (termites, carpenter ants, etc.) _____ N/A
10. Environmental problems: Are you aware of any substances, materials or products that may be an environmental hazard such as, but not limited to, asbestos, radon gas, formaldehyde, lead-based paint, fuel or chemical storage tanks and contaminated soil on property.

                                                          Unknown _____  yes _____  no ✔

If yes, please explain: _____
11. Flood Insurance: Do you have flood insurance on the property?          unknown _____  yes _____  no ✔
12. Mineral Rights: Do you own the mineral rights?                         unknown ✔       yes _____  no ✔

Other Items: Are you aware of any of the following:
1. Features of property shared in common with the adjoining landowners, such as walls, fences, roads and driveways, or other features whose use or responsibility for maintenance may have an effect on the property?     unknown _____  yes _____  no _____
2. Any encroachments, easements, zoning violations or nonconforming uses?   unknown ✔       yes _____  no _____
3. Any "common areas" (facilities like pools, tennis courts, walkways, or other areas co-owned with others) or a homeowners' association that has any authority over the property?                                                unknown _____  yes ✔       no _____
4. Structural modifications, alterations, or repairs made without necessary permits or licensed contractors?
                                                                            unknown _____  yes _____  no ✔
5. Settling, flooding, drainage, structural, or grading problems?           unknown _____  yes _____  no ✔
6. Major damage to the property from fire, wind, floods, or landslides?     unknown _____  yes _____  no ✔
7. Any underground storage tanks?                                           unknown _____  yes _____  no ✔
8. Farm or farm operation in the vicinity; or proximity to a landfill, airport, shooting range, etc.?
                                                                            unknown _____  yes _____  no ✔
9. Any outstanding utility assessments or fees, including any natural gas main extension surcharge?
                                                                            unknown _____  yes _____  no ✔
10. Any outstanding municipal assessments or fees?                          unknown _____  yes _____  no ✔
11. Any pending litigation that could affect the property or the Seller's right to convey the property?
                                                                            unknown _____  yes _____  no ✔

If the answer to any of these questions is yes, please explain. Attach additional sheets, if necessary: _____

The Seller has lived in the residence on the property from _Never lived ther_ (date) to _____ (date).
The Seller has indicated above the conditions of all the items based on information known to the Seller. If any changes occur in the structural/mechanical/appliance systems of this property from the date of this form to the date of closing, Seller will immediately disclose the changes to Buyer. In no event shall the parties hold the Broker liable for any representations not directly made by the Broker or Broker's Agent.

Seller certifies that the information in this statement is true and correct to the best of Seller's knowledge as of the date of Seller's signature.

BUYER SHOULD OBTAIN PROFESSIONAL ADVICE AND INSPECTIONS OF THE PROPERTY TO MORE FULLY DETERMINE THE CONDITION OF THE PROPERTY. THESE INSPECTIONS SHOULD TAKE INDOOR AIR AND WATER QUALITY INTO ACCOUNT, AS WELL AS ANY EVIDENCE OF UNUSUALLY HIGH LEVELS OF POTENTIAL ALLERGENS INCLUDING, BUT NOT LIMITED TO, HOUSEHOLD MOLD, MILDEW AND BACTERIA.

BUYERS ARE ADVISED THAT CERTAIN INFORMATION COMPILED PURSUANT TO THE SEX OFFENDERS REGISTRATION ACT, 1994 PA 295, MCL 28.721 TO 28.732 IS AVAILABLE TO THE PUBLIC BUYERS SEEKING SUCH INFORMATION SHOULD CONTACT THE APPROPRIATE LOCAL LAW ENFORCEMENT AGENCY OR SHERIFF'S DEPARTMENT DIRECTLY.

BUYER IS ADVISED THAT THE STATE EQUALIZED VALUE OF THE PROPERTY, PRINCIPAL RESIDENCE EXEMPTION INFROMATION, AND OTHER REAL PROPERTY TAX INFROMATION IS AVAILABLE FROM THE APPROPRIATE LOCAL ASSESSOR'S OFFICE. BUYER SHOULD NOT ASSUME THAT BUYER'S FUTURE TAX BILLS ON THE PROPERTY WILL BE THE SAME AS THE SELLER'S PRESENT TAX BILLS. UNDER MICHIGAN LAW, REAL PROPERTY TAX OBLIGATIONS CAN CHANGE SIGNIFICANTLY WHEN PROPERTY IS TRANSFERRED.

Seller _____              Date: 3-6-15 _____

Seller _____              Date: _____

Buyer has read and acknowledges receipt of this statement.

Buyer _____  Date: 03.24        Time: 3:00 PM

Buyer _____  Date: _____       Time: _____

Disclaimer: This form is provided as a service of the Michigan Association of REALTORS®. Please review both the form and details of the particular transaction to ensure that each section is appropriate for the transaction. The Michigan Association of REALTORS® is not responsible for use or misuse of form for misrepresentation or for warranties made in connection with the form.

PAGE 2 OF 2

FORM H  JUN/06

**REAL STAR REAL ESTATE INC.**
**17200 W. 10 MILE RD SUITE 105**
**SOUTHFIELD MICHIGAN 48075**

**ADDENDUM**

**DATE OF THIS ADDENDUM : 04/09/2015**

**DATE OF PURCHASE AGREEMENT : 03/24/2015**
**PROPERTY ADDRESS : 8401 18 Mile Unit 257**

**THE PROVISIONS OF THIS ADDENDUM SUPERCEDE ANYTHING TO THE CONTRARY IN THE ATTACHED PURCHASE AGREEMENT AND LISTING AGREEMENT PREVIOUSLY SIGNED BY THE SELLER.**

**1. PURCHASER'S AND SELLERS AGREE THAT THE ACCEPTANCE OF THIS OFFER IS CONTINGENT UPON THE SIGNATURE OF THE BANKRUPTCY TRUSTEE AS THE SELLER IS IN AN ACTIVE CHAPTER 13 BANKRUPTCY CURRENTLY. CLOSING MAY TAKE PLACE WHEN THE BANKRUPTCY TRUSTEE APPROVES THE SALE OF THE ASSET.**

_____ FOR PURCHASER  DATE 4/ 14/ 15

_____ FOR PURCHASER  DATE __/__/__

Treda D. Viera
_____ FOR SELLER  DATE __/__/__

_____ FOR SELLER  DATE __/__/__

**8.** **CLOSING:** Subject to all conditions herein, closing shall take place within 10 days after written mortgage approval, if applicable. Said closing shall take place at the Listing Office unless otherwise mutually agreed. Seller shall pay all state and county transfer taxes and other costs required to convey title. Other On or before 30 Days after ~~~~~~~~~~~~~~~~~

FD

**7.** **POSSESSION:** Seller shall deliver and the Purchaser shall accept possession of said property. *Bankruptcy Court Approval* IDV If the seller occupies the property it shall be vacated on or before ____ 30 ____ days after closing. From the day of closing to the day of vacating the property as agreed, SELLER SHALL PAY the sum of $ ____ 25.00 ____ per day. THE BROKER, OR DESIGNATED TITLE COMPANY, SHALL RETAIN from the amount due the Seller at closing the sum of $ ____ 750.00 ____ as security for said occupancy charge, paying to the Purchaser the amount due and returning to the Seller the unused portion as determined by date property is vacated and keys surrendered to Broker. (Broker has no obligation or otherwise for seeing that the premises are vacated on the date specified or for the condition of the premises, etc., but is only acting as an escrow agent for holding the occupancy deposit.)

If the seller fails to give possession to Purchaser as provided herein and Seller retains the property beyond the agreed time, Seller may be liable for the cost of eviction proceedings, attorneys fees, damages and other cost incurred by Purchaser in obtaining possession and collecting the amount due. If tenant(s) occupy the property see attached Tenant Addendum.

**8.** **AVAILABILITY OF HOME PROTECTION PLANS:** Purchaser and Seller are hereby notified of benefits of having premises covered by a Home Protection Plan and are aware that such plan may be purchased mutually or separately by either party.

**9.** **SEWER AND WATER CHARGES:** Seller agrees to pay all sewer and water charges to date of ☐ CLOSING ☑ POSSESSION. (Closing to apply if no choice is made.) Designated escrow agent shall retain from amount due Seller at closing a minimum of $300.00 for water charges. When final water bill is verified paid any unused portion shall be returned to Seller. If seller fails to produce a bill within 30 days of vacating the property seller shall forfeit any claim to funds in escrow account and the entire amount shall be delivered to the purchaser.

**10.** **TITLE EVIDENCE AND OBJECTIONS:** Seller authorizes broker to order title insurance within ten (10) business days of acceptance of offer and to furnish Purchaser a Eagle Policy Commitment of Title insurance within standard exceptions prior to closing. After closing, a Policy of Title insurance will be issued in the amount of purchase price, bearing date later than acceptance hereof guaranteeing title in condition required for performance of this Agreement. If objection to title is made, based upon written opinion of Purchaser that title is not claimed, either (1) to remedy title, or (2) to obtain title insurance as required above. Purchaser agrees to complete sale within 10 calendar days of written notification thereof. If either in good faith is unable to remedy title or obtain title insurance within said 30 days, at Purchaser's option this Agreement may be declared null and void.

**11.** **SURVEY:** Broker recommends Purchaser obtain a survey.

**12.** **PROPERTY TAXES:** Seller shall pay all property taxes due and payable on or before date of closing. Current taxes shall be prorated and adjusted as of date of closing in accordance with due date basis of municipality or taxing unit in which property is located.

**13.** **PRIVATE ROADS:** If the property is located on a private road see addendum. (Private Road, Condominium, or Homeowners Association Addendum).

**14.** **SPECIAL ASSESSMENTS:** Seller shall discharge all public authority charges (special assessments, water, sewer, paving charges, etc.), which are currently due and payable. Purchaser shall assume responsibility for future payments for multiple year assessments and any future assessments not yet recorded or invoiced, subject to municipal ordinance.

**15.** **CONDOMINIUM AND HOMEOWNERS ASSOCIATION ASSESSMENTS:** Any condominium, homeowner association dues/assessments/liens shall be paid by seller at closing. Current dues/assessments shall be prorated. Purchaser will pay any and all dues/assessments/liens coming due after closing. (See Condominium or Homeowners Addendum)

**16.** **MAINTENANCE OF THE PROPERTY:** Before Closing, Seller is responsible to keep property in substantially the same condition as of date of this Agreement; maintaining grounds and providing routine maintenance of heating/air conditioning, sewer, septic, wells, plumbing, electrical systems and any included appliances and equipment until property is vacated and keys are surrendered by Seller. Seller is responsible to keep all systems in working order until vacating; except for any conditions that may have been disclosed in Seller's Disclosure Statement or conditions discovered by Purchaser as part of any inspections made by or on behalf of Purchaser where Purchaser accepted such conditions. After Closing the Purchaser is responsible to repair or replace any breakdown of above mentioned systems, roof leaks or foundation leaks during the possession period. The Seller is responsible for notifying the Purchaser of any defects with these systems immediately upon discovery. Seller further agrees to keep all utility services (electric, gas, and water) operating until date of possession by Purchaser. In event property herein has been winterized, it shall be the obligation and expense of Seller to de-winterize property prior to closing. Seller agrees to leave property broom-clean and free of debris and any personal property. Purchaser agrees to acquire utility service (electric, gas heating fuel, etc) upon taking possession.

**17.** **RISK OF LOSS:** If loss or damage to property occurs before closing for any reason including but not limited to a natural disaster, risk of loss shall be on the Seller. If property is destroyed or substantially damaged prior to closing, at Purchaser's option, this Agreement may be declared null and void.

FD

_____
PURCHASER'S INITIAL

V JDV

_____
SELLER'S INITIAL

Purchase Agreement

Rev 1/13

Page 2 of 4